IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| LEVIAN DOCKERY,<br>    *pro se* Plaintiff, | )<br>)<br>) |
| v. | )    Civil No. 3:18cv56 (HEH) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9), filed on April 2, 2018. Plaintiff Levian Dockery ("Plaintiff") filed a response in opposition (ECF No. 12) to Defendant's Motion on April 20, 2018, rendering the matter ripe for review. Based on the parties' submissions and for the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) be GRANTED, that Plaintiff's Motion for a Hearing (ECF No. 4) be DENIED AS MOOT and that Plaintiff's Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

### I.     FACTUAL BACKGROUND

On a motion to dismiss, a court looks only to the facts alleged in the complaint and any documents explicitly incorporated into the complaint, as well as those attached as exhibits. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, because Plaintiff's Complaint lacks any factual allegations, the Court will consider facts from the Brief Supporting Defendant's Motion to Dismiss for the purposes of background only.

On September 15, 2012, the Social Security Administration ("SSA") awarded Plaintiff retirement benefits effective December 2012, with the first payment on January 16, 2013. (Br. Supp. Def.'s Mot. to Dismiss ("Def.'s Br.") (ECF No. 10) at 2; Ex. A to Def.'s Br. ("SSA Award") (ECF No. 10-1) at 1.) Specifically, the SSA would pay Plaintiff $617.00 per month. (SSA Award at 1.) On September 13, 2012, the SSA received an order from the Virginia Child Support Enforcement Agency directing it to withhold $421.25 each month from Plaintiff's retirement benefits to support Plaintiff's child. (Ex. B to Def.'s Br. ("Support Order") (ECF No. 10-2) at 1.) In response, on September 25, 2012, the SSA informed Plaintiff that it would reduce his monthly benefits to comply with the Support Order. (Ex. C to Def.'s Br. ("Sept. 2012 Letter") (ECF No. 10-3).) The SSA further informed Plaintiff that he should direct any issues with the Support Order to the authority that issued it. (Sept. 2012 Letter.) The SSA followed up in November 2012 with two more letters to Plaintiff, informing him that the SSA would withhold $408.20 from his monthly benefits, reducing the amount he received to $219.80. (Exs. D & E to Def.'s Br. (collectively, "Nov. 2012 Letters") (ECF Nos. 10-4, 10-5).)

Two years later, in November 2014, the SSA notified Plaintiff that it would begin withholding $420.60 per month as of December 2014 and going forward. (Ex. F to Def.'s Br. ("Nov. 2014 Letter") (ECF No. 10-6).) And a year later, on November 6, 2015, the SSA informed Plaintiff that it would withhold $382.20 from his December 2015 payment and would withhold $362.10 each month after that. (Ex. G to Def.'s Br. ("Nov. 2015 Letter") (ECF No. 10-7).) Then, in April 2016, the SSA notified Plaintiff that it would withhold $409.20 from his April benefit payment and would withhold $421.30 from future payments. (Ex. H to Def.'s Br. ("April 2016 Letter") (ECF No. 10-8).) In December 2016 and January 2018, Plaintiff received two more letters indicating that the SSA would continue to withhold $421.30 from his benefits.

2

(Ex. I to Def.'s Br. ("Dec. 2016 Letter") (ECF No. 10-9); Ex. J. to Def.'s Br. ("Jan. 2018 Letter") (ECF No. 10-10.).)

## II. PROCEDURAL HISTORY

On January 29, 2018, Plaintiff, proceeding *pro se*, filed his Complaint (ECF No. 3), alleging that the SSA unlawfully garnished his Social Security benefits since January 2013. (Compl. at 5.) Plaintiff sought a refund of all garnished benefits, punitive damages and any other relief permitted under the law. (Compl. at 5.)

In response to Plaintiff's Complaint, on April 2, 2018, Defendant filed a Motion to Dismiss (ECF No. 9) and sent an accompanying notice to Plaintiff pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(k). (*Roseboro* Notice (ECF No. 11).) In her Motion, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that the doctrine of *res judicata* bars Plaintiff from pursuing his claims, as Plaintiff has already litigated the same claims in a previous lawsuit in the United States District Court for the District of Maryland. (Def.'s Br. at 1, 3-5); *Dockery v. Comm'r*, 2016 WL 3087453 (D. Md. June 1, 2016), *report and recommendation adopted*, (D. Md. Nov. 18, 2016) [hereinafter *Dockery I*]. In that *Dockery I*, the District of Maryland dismissed Plaintiff's claim that the SSA unlawfully garnished his retirement benefits upon finding that the Commissioner enjoyed sovereign immunity. *Id.* at *1-3. Alternatively, Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), contending that the statute authorizing the garnishment of Social Security benefits pursuant to a child support order also preserves the sovereign immunity of the United States from suits relating to any garnishments. (Def.'s Br. at 1, 5-6.)

3

Plaintiff filed a response to Defendant's Motion to Dismiss on April 20, 2018. (Pl.'s Br. Opp. Def.'s Mot. to Dismiss ("Pl.'s Br.") (ECF No. 12).) In his response, Plaintiff argues that he never filed a complaint with the District of Maryland in his previous lawsuit, but that the state court transferred his case there without his consent. (Pl.'s Br. at 1.) Plaintiff further alleges that the District of Maryland denied him his right to fully litigate the issues in his previous lawsuit by denying him a hearing. (Pl.'s Br. at 1-2.) Finally, Plaintiff argues that no court ever issued a child support order that permitted the SSA to garnish his retirement benefits and that the District of Maryland therefore erred in its decision to dismiss his previous lawsuit. (Pl.'s Br. at 1-3.)

### III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

In considering such a motion, courts take a plaintiff's well-pleaded allegations as true and view the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences

4

in the plaintiff's favor. *Kensington Volunteer Fire Dept., Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (additional citation omitted); *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (additional citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also look to the documents explicitly incorporated by reference into the complaint, as well as those attached as exhibits to the complaint. *Tellabs, Inc.*, 551 U.S. at 322. And, "when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (italics added).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). At the same time, courts recognize that a plaintiff "can plead [her]self out of court by pleading facts that show that [s]he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)).

Alternatively, a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's jurisdiction over the subject matter of the complaint. If a defendant contends that the "complaint simply fails to allege facts upon which subject matter jurisdiction can be based," all facts in the complaint are presumed true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, the

Court "may go beyond the allegations of the complaint . . . [to] determine if there are facts to support the jurisdictional allegations." *Kerns*, 585 F.3d at 192 (quoting *Adams*, 697 F.2d at 1219). Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg, & Potomac R. Co.*, 945 F.2d at 768.

### IV. ANALYSIS

Because the District of Maryland ordered dismissal of Plaintiff's prior cause of action for lack of subject matter jurisdiction upon finding that the Commissioner enjoyed sovereign immunity, *Dockery I* at *2-3, the undersigned must first review whether *res judicata* precludes further litigation of Plaintiff's Complaint in this matter. If the *Dockery I* judgment has a *res judicata* effect, then this Court need not reconsider Plaintiff's claims a second time. *Montana v. United States*, 440 U.S. 147, 153 (1979).

#### A. *Res Judicata* Bars Plaintiff's Complaint.

*Res judicata* constitutes an affirmative defense that a party may raise in a motion to dismiss. *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1969). A party raising *res judicata* must satisfy three elements: "(1) a court of competent jurisdiction must issue a final judgment on the merits; (2) a subsequent case must be filed involving the same parties or parties in privity with each other; and (3) the subsequent case must be based on the same cause of action as the prior case." *Nabaya v. Stark*, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) (citing *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). To resolve whether *res judicata*

6

bars Plaintiff's Complaint in this matter, the Court takes judicial notice of the *Dockery I* opinion, as neither party disputes any of the facts underlying Plaintiff's claims. *Daw*, 201 F.3d at 524 n.1.

The facts considered satisfy the first element of *res judicata*, as the District of Maryland served as a court of competent jurisdiction that issued a final judgment on the merits. Specifically, the District of Maryland acted pursuant to federal question jurisdiction and its dismissal of Plaintiff's claims on sovereign immunity grounds served as a final judgment on the merits. *See, e.g., Morrison v. Myers*, 2015 WL 72129, at *4 (E.D.N.C. Jan. 6, 2015) ("A dismissal based on sovereign immunity grounds is a final judgment on the merits." (citing *Stewart v. Hunt*, 598 F. Supp. 1342, 1350 n.11 (E.D.N.C. 1984))); *Hooker v. Shinseki*, 2014 WL 12493326, at *1 (M.D. Fla. Feb. 20, 2014) (holding that a previous dismissal based on federal sovereign immunity had a *res judicata* effect); *Warwick Corp. v. Maryland Dep't of Transp.*, 573 F. Supp. 1011, 1014 (D. Md. 1983) ("[A] judgment granting dismissal on the grounds of sovereign immunity is a final judgment on the merits, commanding *res judicata* effect."); *see also Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] jurisdictional dismissal is *res judicata* on the jurisdictional issue . . . A court has jurisdiction to determine its own jurisdiction. A ruling that it lacks jurisdiction is therefore entitled to preclusive effect." (italics added)); *Parks v. Tulalip Resort Casino*, 2010 WL 1727972, at *1 (W.D. Wash. April 26, 2010) (finding that dismissal based on tribal sovereign immunity constituted a final judgment on the merits that at least precluded relitigating the jurisdiction issue). Likewise, the facts show that the parties to the *Dockery I* lawsuit and the present suit are the same, satisfying the second element.

As to the final element, the *Dockery I* lawsuit and the present case undoubtedly represent the same cause of action, because the claims asserted in both "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel v. United States*, 369 F.3d

7

345, 354 (4th Cir. 2004). In *Dockery I*, Plaintiff alleged unlawful garnishment of "his Social Security retirement benefits since January of 2013." 2016 WL 3087453, at *1. Likewise, in the instant matter, Plaintiff again alleges unlawful garnishment of his Social Security retirement benefits since January 2013. (Compl. at 5.) Ultimately, both causes of action rely upon the same essential facts, the same child support order and the same ultimate issue — whether the SSA could lawfully garnish Plaintiff's benefits. Thus, the facts alleged in Plaintiff's Complaint and in the *Dockery I* decision together satisfy all three elements of *res judicata*.

That said, Plaintiff argues that the *Dockery I* decision should not preclude the current litigation, because the District of Maryland prevented Plaintiff from properly litigating his claims by considering his lawsuit without his consent and denying him a hearing. (Pl.'s Br. at 2.) Indeed, "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana*, 440 U.S. at 164 n.11. However, as the Supreme Court has opined, when considering the *res judicata* effect of a judgment, the fairness and quality of the prior litigation "need do no more than satisfy the minimum procedural requirements of the . . . Due Process Clause." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 (1982). The Due Process Clause is flexible, and "no single model of procedural fairness, let alone a particular form of procedure, is dictated by [its terms]." *Id.* at 483 (citing *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 610 (1974)).

In *Dockery I*, the District of Maryland deemed no hearing necessary pursuant to Local Rule 105.6, which provides that "[u]nless otherwise ordered by [the District of Maryland] . . . all motions shall be decided on the memoranda without a hearing." *Dockery I*, 2016 WL 3087453, at *1. Instead, the District of Maryland afforded Plaintiff the opportunity to file a brief in opposition to Defendant's Motion to Dismiss and Plaintiff responded with a motion for summary

8

judgment, which the District of Maryland considered. *Id.* Furthermore, although Plaintiff complains that he filed his first complaint in Maryland state court and never consented to having his claim heard in federal court, the District of Maryland heard Plaintiff's suit only after the SSA properly exercised its right to remove the case. *Id.* at *2 n.2. Plaintiff has not alleged any facts to suggest that the SSA's removal of *Dockery I* deprived him of any due process. In fact, Plaintiff continued to litigate his claims after removal. *Id.* at *1.

Nor does Plaintiff allege any substantive deficiency in the quality of the *Dockery I* decision other than a disagreement with its outcome. (Pl.'s Br. at 2-3.) Mere disagreement with the legal conclusions of a prior decision does not form a valid defense to *res judicata*. Indeed, a wrongly decided judgment still possesses its full *res judicata* effect, as direct appeal — not collateral attack — serves as the appropriate recourse for erroneous judgments. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981) (citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)). Therefore, the Court finds that the District of Maryland afforded Plaintiff all procedural fairness that the Due Process Clause requires and that there is no substantive reason to diminish *Dockery I*'s preclusive effect. Accordingly, the *Dockery I* decision bars consideration of Plaintiff's Complaint in this matter and the Complaint should be dismissed with prejudice.[1]

---

[1] Dismissal based on *res judicata* constitutes a judgment on the merits and therefore dismissal with prejudice is proper. *See, e.g., Johnson v. Bank of America, N.A.*, 2013 WL 3989104, at *5 (D. Md. Aug. 1, 2013) (dismissing plaintiff's complaint with prejudice pursuant to *res judicata*); *McKinnon v. S.C. Dep't of Health & Envtl. Control*, 2008 WL 2066408, at *5 (D.S.C. May 13, 2008) (same); *see also* Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision and any dismissal not under this rule — except one for jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.")

### B. The Court Also Finds that the Commissioner Enjoys Sovereign Immunity.

Although it need not reach the merits of Plaintiff's Complaint having found that *res judicata* applies, the Court nonetheless concurs with the District of Maryland's reasoning in finding that the Commissioner enjoys sovereign immunity from suit for claims relating to its garnishment of Plaintiff's benefits. *See Dockery I*, 2016 WL 3087453, at *1-3. As our sister district explained, 42 U.S.C. § 659(f) provides that the United States and its officers shall not be liable for any garnishment made "pursuant to legal process regular on its face." *Id.* at *2. Thus, if a garnishment order appears, on its face, to be issued by a court of competent jurisdiction and in accordance with that state's laws, a recipient of garnished benefits cannot maintain an action against the United States or its officers "even if it is later proven that the issuing court lacked jurisdiction or its decision was improper." *Id.* at *3 (citing *United States v. Morton*, 467 U.S. 822, 822-29 (1984)).

Here, the facts alleged do not support a plausible finding that the Support Order filed by the Commonwealth of Virginia appeared improper on its face. Neither has Plaintiff alleged additional facts that would alter the analysis of the *Dockery I* court, and thus this Court agrees with the District of Maryland that the Commissioner enjoys immunity from Plaintiff's claims. Therefore, the Court further recommends dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction in accordance with its own findings and the reasoning of *Dockery I*.

### V. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) be GRANTED, that Plaintiff's Motion for a Hearing (ECF No. 4) be DENIED AS MOOT and that Plaintiff's Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

Let the clerk forward a copy of this Report and Recommendation to Senior United States District Judge Henry E. Hudson, *pro se* Plaintiff at his address of record and all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: January 3, 2019

11