

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

LEVIAN DOCKERY, )
                              )
            Plaintiff, )
                              )
v. )   Civil Action No. 3:18-CV-56–HEH
                              )
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security, )
                              )
           Defendant. )

**MEMORANDUM ORDER**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter comes before the Court following a Magistrate Judge's Report and Recommendation ("R&R"), drafted in accordance with 28 U.S.C. § 636(b)(1)(B) and issued on January 3, 2019 (ECF No. 17). On January 17, 2019, Levian Dockery (*pro se* "Plaintiff") timely filed his "Objections to the Findings, Conclusions, and Recommendations of the Magistrate Judge," ("Plaintiff's Objections," ECF No. 18), which triggered this Court's de novo review of the R&R. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *Id.*

The relevant facts and procedural history are as follows:

Plaintiff filed a form Complaint in this Court on January 29, 2018. (ECF No. 3.) In his pleading, Plaintiff alleges that the Social Security Administration ("SSA") has been

1

unlawfully garnishing his retirement benefits since 2013. (Compl. 4.) Thereafter, the SSA's Acting Commissioner, Nancy Berryhill ("Commissioner"), filed a Motion to Dismiss (the "Motion," ECF No. 9) and an accompanying Brief in Support (ECF No. 10). In her Motion, the Commissioner makes two arguments. First, the Commissioner argues that Plaintiff's Complaint is barred by res judicata because a virtually identical dispute between the same parties was resolved on the merits by a district court in the District of Maryland. *See Dockery v. Comm'r, Soc. Sec.*, No. 15-2650, 2016 WL 3087453 (D. Md. June 1, 2016), *R&R adopted* (D. Md. Nov. 18, 2016).[1] Second, the Commissioner argues that sovereign immunity prevented Plaintiff from challenging the garnishment of his social security benefits. Consistent with the Commissioner's arguments, the Magistrate Judge concluded that the defenses of res judicata and sovereign immunity combined to bar Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (R&R 6–11.)

Despite these explicit findings by the Magistrate Judge, Plaintiff fails to specifically object to the Magistrate Judge's conclusions regarding res judicata, sovereign immunity, and the applicability of these principles to the current case. (*See generally* Plaintiff's Objections 1–2.) In fact, Plaintiff makes no legal argument on either issue and he offers no authority to contradict the Magistrate Judge's conclusions. Rather, Plaintiff's Objections merely restate the allegations and arguments that he raised in his

---

[1] This Court takes judicial notice of the District of Maryland's decision. *See United States v. Harris*, 331 F.2d 600, 601 (6th Cir. 1964) ("[I]t [is not] necessary that the Court be requested to take judicial notice of a fact before it is authorized to do so. The Court may take judicial notice *sua sponte*.").

Complaint and in his Response to Defendant's Motion to Dismiss (ECF No. 12). (*See id.*)

Here, the Court finds that the Magistrate Judge has thoroughly and thoughtfully considered Plaintiff's previous arguments, and therefore, the Court views Plaintiff's failure to make *specific objections* to the R&R as a functional waiver of its stated conclusions. See *United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized...."); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court...."); see also *Van Harris v. United States*, 473 F. Supp. 2d 723, 724 (S.D. W.Va. 2007) ("The failure of a party to object to a Magistrate's findings and recommendation constitutes a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals." (citations omitted)).

Therefore, having reviewed the Magistrate Judge's conclusions, and having received no new argument from the parties as to why the R&R should be reconsidered, the Court HEREBY ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation in full as the OPINION of this Court.

Furthermore, the Court ORDERS that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED, Plaintiff's Motion for a Hearing (ECF No. 4) is DENIED AS

MOOT, and Plaintiff's Complaint (ECF No. 3) is DISMISSED WITH PREJUDICE.

Should Plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Plaintiff who is *pro se*.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 27, 2019
Richmond, VA